UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY G. NORDBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNUM PROVIDENT INSURANCE CO.,<br><br>　　　　Defendant. | NO. CV-06-0117-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court, without oral argument, is Defendant Unum Provident Insurance Co.'s ("Unum") Motion for Summary Judgment.  (Ct. Rec. 25.) Plaintiff Jerry Nordby opposes the motion in part.  After reviewing the submitted materials and relevant authority, the Court is fully informed and hereby grants and denies in part Unum's motion.

## I. Undisputed Facts[1]

　　Mr. Nordby was employed by Cimarron Software Services ("Cimarron"). Cimarron offered its employees disability insurance through Unum.  In 2002, Mr. Nordby ceased work and filed a claim for short term and long

---

[1] Mr. Nordby failed to comply with Local Rule 56.1(b), which requires the party opposing summary judgment to file a Statement of Facts. However, Mr. Nordby's *pro se* factual recitation in his memorandum was sufficiently responsive to Unum's factual statement to allow the Court to determine what material facts are disputed.

ORDER * 1

term disability under the Unum plan ("the Plan"). Although Unum denied Mr. Nordby's short-term disability claim, it ultimately granted Mr. Nordby's long-term disability (LTD) claim after finding that he is totally disabled due to psychiatric conditions. Given the Plan's 12-month benefits limitation for LTDs caused by mental illnesses, Mr. Nordby was eligible for LTD benefits only from July 30, 2002, through July 29, 2003.

Mr. Nordby appealed this decision, alleging that his disability was attributed to physical conditions. Unum disagreed and maintained he was only entitled to LTD benefits through July 29, 2003.

Mr. Nordby submitted his claim for review as part of the Regulatory Settlement Agreement ("RSA"), which Unum entered into with various state insurance regulators and the Department of Labor. In addition, Mr. Nordby filed this lawsuit on April 21, 2006, challenging Unum's conclusions. As a result of the RSA process, it was determined that Mr. Nordby suffers a LTD caused by physical conditions. Accordingly, Mr. Nordby is eligible for LTD benefits since July 30, 2002. Unum offsets Mr. Nordby's LTD benefit award by the amount of money he and his family receive from the Social Security Administration for Mr. Nordby's disability.

## II. Analysis

Unum seeks to dismiss Mr. Nordby's claims. In response, Mr. Nordby clarifies that his remaining claims following the RSA determination are: (1) the LTD benefits award is not to be reduced by the the Social Security disability award; (2) he is entitled to receive in advance future LTD benefits; and (3) he is entitled to recoup the expenses he incurred in successfully challenging Unum's conclusions.

ORDER ~ 2

It is undisputed that the Plan (Ct. Rec. 28-8 Ex. G) is subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. ERISA provides the exclusive remedy and preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. § 1144(a).

**A.  Social Security Set-off**

ERISA largely leaves to the private parties the determination of what level of benefits to award. *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 511 (1981) (finding an offset consistent with ERISA). Accordingly, so long as the plan identifies the circumstances under which a disability benefit offset is permitted, courts allow the specified offset. 29 U.S.C. § 1022(b); *see Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th Cir. 1990) (permitting disability benefits to be offset by Social Security disability award because plan allowed for the offset); *Welsh v. Burlington N., Inc.*, 54 F.3d 1331, 1339 (8th Cir. 1995) (finding that a FELA award can offset a disability benefits award only if it was for the same disability or loss); *Nesom v. Brown & Root, U.S.A., Inc.*, 987 F.2d 1188, 1193 (5th Cir. 1993) (recognizing that policy provision allowing for deduction of worker's compensation award was proper); *Warren v. Fed. Express Corp.*, 776 F. Supp. 548, 549 (S.D. Ala. 1991) (noting the parties did not dispute that the policy allowed for Social Security disability benefits to offset the policy's disability payment).

Here, the Plan states:

> Unum will subtract from your gross disability payment the following deductible sources of income:
>
>      . . . .

ORDER * 3

> 3) The amount that you, your spouse and your children receive or are entitled to receive as disability payments because of your disability under:
>
> -the United States Social Security Act
>
> . . . .

(Ct. Rec. 28-8 Ex. G-55.)  Because the Plan clearly allows Social Security disability payments for his disability to be subtracted from the gross disability payment, the Court concludes Unum may offset the LTD benefits payment consistent with this subsection.  Therefore, Unum's motion is granted in part.

**B.   Future Benefits**

"An award of future benefits not yet accrued violates ERISA's purely compensatory remedial scheme."  *Wade v. Life Ins. Co. of N. Am.*, 245 F. Supp. 2d 182, 188 (D. Maine 2003).  This is true here as well because the Plan gives Unum the opportunity to reassess whether Mr. Nordby's disability continues.  *See Welsh*, 54 F.3d at 1340 (recognizing that the insurer may reevaluate whether the participant continues to be disabled); *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 697 (7th Cir. 1992) (recognizing that the insurer was free to review continuing eligibility for LTD benefits).  Furthermore, an upfront payment fails to consider that a beneficiary may die prior to attaining age 65.  For all these reasons, Unum's motion is granted in part; Mr. Nordby is not entitled to an advance on future disability payments.

**C.   "Other Appropriate Equitable Relief"**

Umum's failure to recognize Mr. Nordby as disabled due to physical conditions until the RSA process caused Mr. Nordby to spend significant personal wealth and incur debt to provide for his family during the interim.  Mr. Nordby seeks to recover his incurred damages.  The Court

ORDER ~ 4

acknowledges Mr. Nordby's frustrations with the difficulties he experienced, and the Court hopes that Unum applies the knowledge gained from processing Mr. Nordby's claim to similar disability claims in the future in order to make informed, timely, and correct determinations. Nonetheless, although Mr. Nordby may seek to recover litigation costs, he may not recover the requested non-benefits damages.

ERISA allows a participant or beneficiary to bring a civil action to:

- "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;" 29 U.S.C. § 1132(a)(1)(B), and
- "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;" 29 U.S.C. § 1132(a)(3) (emphasis added).

The "other appropriate equitable relief" provision is read narrowly and is limited "to those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1885 (9th Cir. 2004) (quoting *Mertens*, *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)); *see also Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 139 n.5 (1985). To determine whether the equitable relief is properly sought, the court is to look at the substance of the remedy sought rather than its label. *Mathews*, 362 F.3d at 1185.

ORDER * 5

The substance of Mr. Nordby's remedy sought - compensation for lost time value of personal savings expended and incurred debt expenses - is compensatory and therefore may not be awarded as "other appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B). *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998) (precluding beneficiary's request for emotional distress and other monetary damages associated with fiduciary's delay to approve payment for a medical operation prior to escalation of the medical condition).

Nonetheless, Mr. Nordby may recover litigation costs pursuant to 29 U.S.C. § 1132(g)(1). Because Mr. Nordby was given *in forma pauperis* status he was not required to pay the filing fee; however, if he has incurred other litigation costs, he may seek recovery of such. Accordingly, Unum's motion is granted in all respects, except that Mr. Nordby may seek to recover litigation costs pursuant to 29 U.S.C. § 1132(g)(1). Mr. Nordby is to file a notice no later than March 9, 2009, identifying his litigation expenses and whether he wishes to pursue recovery of such. Because the only remaining issue is whether Mr. Nordby is entitled to recover his litigation costs - a court determination - , a jury trial is unnecessary.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 25)** is **DENIED** (Plaintiff Nordby may seek litigation costs) **AND GRANTED** (in all other respects).

2. A jury trial is unnecessary. Following receipt of Mr. Nordby's notice regarding litigation costs, which is to be filed no later than **March 9, 2009,** the Court will issue a revised Scheduling Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this ___20th___ day of February 2009.

                               S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2006\0117.msj.wpd

ORDER * 7